IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02429-REB-MJW

**CHEVRON U.S.A. INC.,**
a Pennsylvania corporation,

   Plaintiff,

v.

**GREGORY D. TIMM**, a Colorado resident,
**CARY L. CARPENTER**, a Colorado resident,
and **ALLEN VAN WYHE**, a Colorado resident

   Defendants.

---

## PROTECTIVE ORDER  ( Docket p. 34-2 )

---

The discovery procedures in this case may require disclosure of information regarded by the producing party as confidential, including proprietary data or valuable commercial information. Accordingly, the Court enters this order requiring that disclosure shall be on the following terms and conditions:

1. Any document, testimony, or other information provided by a party, which that party contends contains information proprietary to it and entitled to protection, may be designated as "CONFIDENTIAL," and, except as permitted by further order of this (or an appropriate appellate) Court such designated documents or testimonial information shall be received by counsel of record for the other party upon the terms and conditions of this Protective Order. The designation of information as "CONFIDENTIAL" shall be

1

made on a good faith basis and not for purposes of harassing the receiving party or for the purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

2. Documents or tangible items shall be designated confidential within the meaning of the Protective Order in the following ways:

   a. In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL."

   b. In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the cover sheet and pages containing the confidential information the legend "CONFIDENTIAL."

   c. In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL. "

3. With respect to all documents, information, or tangible items produced or furnished by a party during a deposition, counsel for the witness or the party producing such information may designate, on the record, the portion of the deposition which he or it believes may contain confidential information. If such a designation is made, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such confidential information in accordance with this Protective Order, and the reporter.

4. Each party shall have thirty (30) days after receipt of the deposition transcript within which to inform the other party to the action of these portions of the transcript to be designated, referring to specific page and line numbers as "CONFIDENTIAL." The right to make such designation shall be waived unless made

within the thirty (30) day period. Prior to expiration of the thirty (30) day period, the entire deposition transcript shall be deemed as CONFIDENTIAL information. Transcripts of testimony, or portions thereof, containing confidential information shall be filed only under seal as described in paragraph 8 until further order of the Court.

5. With respect to all documents, information, or tangible items produced or furnished by a party during this litigation, which are designated as "CONFIDENTIAL" by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.

6. Except as permitted by further order of this Court, disclosure of "CONFIDENTIAL" documents or information, including summaries thereof, shall be limited to:

   a.  outside counsel of record and in-house counsel for the parties, and associate attorneys and paralegal and clerical employees assisting such counsel;

   b.  Judges, law clerks and clerical personnel of the Court before which this action is pending;

   c.  consultants or experts, retained by counsel for the case, in accordance with the procedures set forth in paragraph 7;

   d.  authors or prior recipients of the documents or information; and

   e.  the parties, including its corporate officers.

3

7.  Before disclosure of any confidential information to any person(s) identified in subsection (c) of paragraph 6, counsel in possession of information designated as confidential by the opposing party shall obtain a written affidavit or declaration under penalty of perjury from each such person to whom disclosure is to be made. The affiant or declarant must acknowledge the following: that such person has received a copy of and read this Protective Order, that such person agrees to fully comply with and be bound by this Protective Order, that any document, information, or tangible item that has been designated as confidential is subject to this Protective Order, that such person shall not disclose such document, information, or tangible item to or discuss such document, information, or tangible item with any person who is not authorized pursuant to the terms of this Protective Order to receive the disclosure thereof and who has not signed an affidavit or declaration of confidentiality as herein provided; that such person shall not use such confidential document, information, or tangible item for any purposes other than for the purpose of this proceeding; and that such person is aware that contempt sanctions may be entered for violation of this Protection Order. All signed affidavits and/or declarations shall be maintained by counsel until the conclusion of this action, including all appeals.

8.  Notwithstanding paragraphs 1 through 7 above, the parties reserve the right to designate certain highly confidential documents and information as "FOR ATTORNEYS' EYES ONLY." Any confidential documents or information designated as "FOR ATTORNEYS' EYES ONLY" shall be treated in the same manner as documents or information designated as Confidential, except that they may not be disclosed to the

parties themselves, as contemplated in paragraph 6(e). If any party to this litigation disagrees with the designation of confidential material as "FOR ATTORNEYS' EYES ONLY," such disagreement shall be resolved in the manner set forth in paragraph 12.

9.   Any document, pleading, or tangible item which contains confidential information, if filed or submitted to the Court, shall be filed in a sealed envelope marked "Confidential - Not to Be Opened Except By Order Of The Court."

10.   If, through inadvertence, a producing party provides any information pursuant to this litigation without marking the information as CONFIDENTIAL information, the producing party may subsequently inform the receiving party of the CONFIDENTIAL nature of the disclosed information, and the receiving party shall treat the disclosed information as CONFIDENTIAL information upon receipt of written notice from the producing party.

11.   No person or party shall directly or indirectly use or disclose any "CONFIDENTIAL" information obtained pursuant to pretrial discovery in this action, except for the purpose of this action only and in accordance with this Protective Order.

12.   Acceptance by a party of a document, information, or thing designated as "CONFIDENTIAL" shall not constitute a concession that the information, document, or thing is confidential. Either party may contest a claim of confidentiality. If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL," then the parties shall first try to resolve such disputes on an

informal basis. If agreement cannot be reached between counsel, then such dispute may be presented to the Court by either party by motion ~~or~~ [consistent with D.C.COLO.LCivR] otherwise, and shall retain its designated status until the matter is resolved. In the resolution of such matter, the [7.2] burden of establishing confidentiality shall be on the party who made the claim of confidentiality.

13. This Protective Order shall not prejudice the rights of any party to oppose production of any information on other grounds, e.g., attorney-client privilege or work product immunity. If, through inadvertence, a producing party provides privileged information to the receiving party, the producing party may subsequently inform the receiving party in writing of the privileged nature of the disclosed information, and the receiving party shall promptly return the disclosed information and destroy all copies.

14. At the conclusion of this litigation, including any appeals, all information designated "CONFIDENTIAL" pursuant to this Protective Order, and all copies thereof, shall be returned to the producing attorneys of record or, at the producing party's option, destroyed by counsel for the receiving party. The provisions of this Protective Order insofar as it restricts the disclosure, communication, and use of CONFIDENTIAL information produced hereunder shall continue to be binding after the conclusion of this action.

[Handwritten margin annotations: "MJW 1-4-10"]

6

So Ordered.

BY THE COURT:

United States Magistrate Judge
Michael J. Watanabe

Dated: January 4, 2010

4692249_1.DOC