**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  09-cv-02429-REB-MJW

CHEVRON U.S.A. INC., a Pennsylvania corporation,

    Plaintiff,

v.

GREGORY D. TIMM, a Colorado resident,
CARY L. CARPENTER, a Colorado resident, and
ALLEN VAN WYHE, a Colorado resident,

    Defendants.

GREGORY D. TIMM, a Colorado resident,

    Third-Party Plaintiff,

v.

CHEVRON TCI, INC., a California corporation,

    Third-Party Defendant.

## ORDER FOR ENTRY OF JUDGMENT

**Blackburn, J.**

    This matter is before me on the **Motion of Chevron U.S.A. Inc. and Chevron TCI, Inc. for Entry of Judgment** [#108], filed October 15, 2010.  On October 6, 2010, I granted the **Motion for Summary Judgment of Chevron U.S.A. Inc. and Chevron TCI, Inc.** [#65], filed July 30, 2010, finding that defendants had breached the guaranty contracts made the basis of this suit.  I also dismissed the counterclaims and third-party claims asserted by defendant, Gregory Timm.  I ordered plaintiff to file the instant motion, proving up its damages under the contracts.  (*See* **Order Granting Plaintiff's**

**Motion for Summary Judgment** [#103] entered October 6, 2010).

Defendants object again on the ground that plaintiff will receive a windfall because it has already received some portion of the historic tax credits contemplated by the contract. I have already rejected this same argument in ruling on the substantive motion, and defendants offer nothing that convinces me to revisit that determination here. (*See id.* at 10 & n.9 (offering defendants the opportunity to respond to the motion for entry of judgment with any evidence showing that previously received tax credits associated with the subject property had not been recaptured)).

Thus, I find no basis for reducing the amount of the award contemplated by the guaranty agreements. Defendants do not contest that plaintiff is entitled to interest at the rate of 10% per annum. Plaintiff confirms that it is not seeking pre- or post-judgment interest, and accordingly, none will be awarded. Thus, I now direct the entry of judgment in favor of Chevron U.S.A., Inc., on its substantive claims and on behalf of both Chevron U.S.A., Inc., and Chevron TCI, Inc., on Timm's counterclaims against them.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion of Chevron U.S.A. Inc. and Chevron TCI, Inc. for Entry of Judgment** [#108], filed October 15, 2010, is **GRANTED**;

2. That judgment **SHALL ENTER** on behalf of plaintiff, Chevron U.S.A., Inc., against defendants, Gregory D. Timm, Cary L. Carpenter, and Allen Van Wyhe, on claim of Chevron U.S.A., Inc., for breach of the guaranty agreements;

3.  That judgment **SHALL ENTER** also on behalf of plaintiff, Chevron U.S.A., Inc., and third-party defendant, Chevron TCI, Inc., against third-party plaintiff, Gregory D. Timm, as to the counterclaims asserted by Timm against these parties;

4.  That plaintiff, Chevron U.S.A., Inc., is **AWARDED** damages against defendants, Gregory D. Timm, Cary L. Carpenter, and Allen Van Wyhe, jointly and severally, in the principle amount of $6,858,322, which consists of the following sums:

   a. Paid-in capital contribution: $5,243,968;

   b. Interest from the date the capital was contributed to October 15, 2010: $1,569,400; and

c. Interest from October 15, 2010, to the date of this order at the per diem rate of $1,729: $44,954;

5.  That plaintiff, Chevron U.S.A., Inc., is also **AWARDED** interest in the amount of $1,729 per diem against defendants, Gregory D. Timm, Cary L. Carpenter, and Allen Van Wyhe, jointly and severally, from the date of this order until the judgment is satisfied; and

6.  That plaintiff, Chevron U.S.A., Inc., and third-party defendant, Chevron TCI, Inc., are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated November 15, 2010, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

3